IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0404-10






EMANUELL GLENN RANDOLPH, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


FORT BEND COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 The State improperly commented on Appellant's failure to testify at the punishment
phase. The majority's distinction of Swallow v. State, 829 S.W.2d 233 (Tex. Crim. App.
1992) creates an unworkable differentiation between "remorse" and "responsibility." I would
affirm the decision of the court of appeals and remand for a new punishment hearing.

 This Court in Swallow held that a very similar statement to the one in this case clearly
alluded to the appellant's failure to testify during the punishment phase of trial. Id. at 226.
In Swallow, during closing arguments of the punishment stage, the prosecutor implored that
a defendant would deserve an average punishment only if that person was "[s]omebody who
was remorseful for their actions. Somebody who admits error." Id. at 225. We determined
that the prosecutor: 

 [N]ecessarily called the jury's attention to the fact that, once it had rejected his testimony at the guilt phase, appellant failed to take the stand at punishment and
provide that testimony which would have been antithetical to his posture at the guilt
stage, viz: that he was in fact guilty and was sorry for what he had done.


Id. at 226. We held that it is improper for the State to comment on a defendant's failure to
express remorse and admit guilt during the punishment phase. Id. at 225. 

 Here, the prosecutor stated, "You heard from him, you heard his version and you
dismissed it by finding him guilty. He has not taken responsibility for this crime . . . ." The
majority contends that it may be fair game to remark on a defendant's failure to take
responsibility during the punishment stage if the defendant denies guilt during the guilt
phase, but then does not accept responsibility during the punishment phase. Majority op. at
10.

 The majority opinion attempts to differentiate between a defendant showing remorse
for a crime and a defendant taking responsibility for a crime. While the definitions differ, the
actual effect of placing any related word in different categories is both impractical and far
too subjective. This decision creates difficulties in trial strategy and essentially forces the
defendant to testify at the punishment phase if he or she offered contrary evidence during the
guilt phase.

 The bottom line is this: By referring to the fact that Appellant did not take
responsibility for the crime, the State pointed out that the defendant did not testify during the
punishment phase of his trial. The majority complicates the matter by analyzing the
definitions of the words used by the prosecutor, rather than considering their obvious
meaning - thus creating a horrible Hobson's choice for the defendant, an indiscernible
dilemma for the trial judge, and an appellate record that will be difficult to decipher. And
last, but not least, the prosecutor's statement violates the U.S. Constitution. For the reasons
above, I would affirm the court of appeals decision and remand for a new hearing on
punishment.


 Meyers, J. 


Filed: November 23, 2011 

Publish